IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REVEREND ROBERT W. POVISH,<br><br>Plaintiff,<br><br>v.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS, JOHN E. WETZEL, in his official capacity as Secretary of the Pennsylvania Department of Corrections, MICHAEL WENEROWICZ, in both his official capacity as Superintendent of the State Correctional Institution at Graterford, and in his individual capacity, and MICHAEL ROMASCAVAGE, in both his official capacity as personnel officer of the State Correctional Institution at Graterford, and in his individual capacity,<br><br>Defendants. | CIVIL ACTION<br>NO. 13-0197 |

## ORDER

**AND NOW**, this  28th   day of March, 2014, upon consideration of Defendants' Motion to Dismiss for Failure to State a Claim (Docket #4), Plaintiff's response, and all supporting papers, it is hereby **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Count I is dismissed without prejudice, and Plaintiff may file an amended complaint within twenty days.

2. Count II is dismissed with prejudice as to the Department of Corrections; the official-capacity claims against Wetzel, Wenerowicz, and Romascavage are not dismissed, but will be limited as explained in the accompanying memorandum; the individual-capacity claims against Wenerowicz and Romascavage are not dismissed, but Plaintiff shall file an

      amended complaint within twenty days to better frame the qualified immunity issue.[1]

3. Count III is dismissed with prejudice as to the Department of Corrections, Wetzel, and Wenerowicz and Romascavage in their official capcities; the individual-capacity claims against Wenerowicz and Romascavage are not dismissed.

4. Count IV is dismissed with prejudice.

5. Count V is dismissed with prejudice.[2]

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
Jeffrey L. Schmehl, J.

---

[1] Defendants' motion also requests that the Court strike claims for punitive damages against the Department and the officials in their official capacities under Count II. As the Count is dismissed entirely against the department and limited to narrow injunctive relief with respect to the official-capacity claims, punitive damages will necessarily be unavailable.

[2] Again, there is no need to rule on the Defendants' request to strike claims for punitive damages in Counts IV and V as those counts are dismissed with prejudice.